UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN HOLT,<br><br>        Plaintiff,<br><br>    v.<br><br>W. GARDNER,<br><br>        Defendant. | Case No.: 1:19-cv-00772-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECUSE<br><br>[ECF No. 23] |

Plaintiff Calvin Holt is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for recusal under 28 U.S.C. § 144 of the assigned Magistrate Judge, filed November 4, 2019. Plaintiff argues that the Magistrate Judge mischaracterized his claims in the September 5, 2019, second screening order.

Federal law provides that a party may seek recusal of a judge based on bias or prejudice. 28 U.S.C. § 144. The standard for recusal under 28 U.S.C. § 144 is " 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal. Id.

1

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter. 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Nevertheless, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999); Troth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge). If the affidavit is legally insufficient, then recusal can be denied. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

Plaintiff's motion for recusal in this case is substantively insufficient under Section 144 because it fails to allege facts that would support the condition that the undersigned has exhibited bias or prejudice directed towards Plaintiff from an extrajudicial source. See Sibla, 624 F.2d at 868 ("An affidavit filed pursuant to [Section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). Plaintiff's motion for recusal explicitly alleges bias and prejudice arising solely out of judicial actions taken by the undersigned. Plaintiff contends the undersigned is biased against him based on the September 5, 2019, order dismissing his first amended complaint with one final opportunity to amend.

The issues raised by Plaintiff in his motion for recusal are not proper grounds to disqualify a judge for bias and prejudice. As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). If Plaintiff wishes to clarify his claims, the Court granted him an opportunity to file a second amended complaint, and Plaintiff should heed the directive. Pursuant to the Court's November 1, 2019, Plaintiff second amended complaint is due on or before December 4, 2019.

///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for recusal of the undersigned pursuant to 28 U.S.C. § 144 is DENIED.

IT IS SO ORDERED.

Dated: __**November 6, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE