# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN HOLT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>W. GARDNER,<br><br>　　　　　Defendant. | Case No.: 1:19-cv-00772-LJO-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR CONFIRMATION THAT IT IS LAWFUL FOR THE MAGISTRATE JUDGE TO REMAIN ASSIGNED TO THIS CASE<br><br>[ECF No. 32] |

Plaintiff Calvin Holt is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 23, 2019, Plaintiff filed a "motion for confirmation that it is lawful" for the Magistrate Judge to remain assign to this case. (ECF No. 32.)

To the extent Plaintiff contends that it was improper for the Magistrate Judge to issue the screening order because he did not consent to Magistrate Judge jurisdiction, a party's decision to decline Magistrate Judge jurisdiction affects only the Magistrate Judge's ability to issue rulings on dispositive matters. The Magistrate Judge's screening orders which advised Plaintiff of the applicable legal standards and granted leave to amend, was not a dispositive order. 28 U.S.C. § 636(b); Local Rule 72-302(c).

1

Turning to Plaintiff's substantive disagreement with Magistrate Judge's screening orders, reconsideration motions are committed to the discretion of the trial court. Rodger v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). "A Magistrate Judge's screening order is not a final order dispositive of a claim or defense. Reid v. United States, No. 1:14-cv-01163-LJO-MJS, 2015 WL 2235127, at *1 (E.D. Cal. May 12, 2015). Under Rule 72(a), a party may object to any nondispositive orders entered by a magistrate judge, and a district judge is required to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Likewise, Local Rule 303(c) states: "A party seeking reconsideration of the Magistrate judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties. Such relief shall specifically designate the ruling, or part thereof, objected to and the basis for that objection."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the … court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments to present or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Furthermore, " '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation…'" of that which was already considered by the court in rendering its decision." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quotations omitted).

Plaintiff contends that the Magistrate Judge omitted "an entire reference to the Plaintiff's third claim of the Second Quarterly Package/Parcel mail violations by W. Gardner, et al., that unequivocally illustrates 'multiple mail violations s[pe]cifically by W. Gardner et al.". (ECF No. 32.) A review of the Magistrate Judge's screening orders reveals that he clearly identified the deficiencies in Plaintiff's complaints, provided the applicable legal standards, and the ability to amend to cure the deficiencies. (ECF Nos. 4, 16.) Plaintiff's disagreement with the Court's decisions are not grounds for relief from such orders, and Plaintiff has set forth no meritorious legal arguments supporting his position that he is entitled to relief from such orders. To the extent Plaintiff wishes to clarify his claims, the Magistrate

Judge granted him an opportunity to file an amended complaint, and Plaintiff has filed a second amended complaint on December 18, 2019.  (ECF No. 27.)  Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

    Dated:   **January 4, 2020**               **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES CHIEF DISTRICT JUDGE