# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN HOLT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. GARDNER,<br><br>　　　　　Defendant. | Case No.: 1:19-cv-00772-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 37] |

Plaintiff Calvin Holt is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's third amended complaint, filed December 27, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the third amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On or about October 10, 2016, Plaintiff deposited regular mail in the institutional mail system that was placed in officer J. Vanaman's care who between October 10, 2016 and October 11, 2016, disregarded Plaintiff's mail into the trash. The mail was later discovered by inmate Robert Moore who reported the incident to his supervisor. Plaintiff filed an inmate appeal which was granted.

In late 2017 or early 2018, Plaintiff began receiving a subscription to Bayview Newspaper, and his subscription was renewed on January 21, 2019, for monthly distribution. To date, Plaintiff has only received approximately eight of the newspapers for which John/Jane Does are liable.

///
///

On April 9, 2018, Defendant Gardner summoned Plaintiff to the package/parcel window to pick up a regular mail parcel. However, after Plaintiff was provided the package, he discovered it was legal documents/mail which was further "blatantly bolstered by the envelope's above said labeling" which "any alert officer would have noticed." Legal mail must be distributed pursuant to the strictly fashioned CDCR rules/guidelines (i.e. constitutional, privacy, recording, etc. safeguards) that governs the distribution by a designated officer and procedure. However, Defendant Gardner was not designed or serving in the capacity to distribute legal mail on June 8, 2018. When Plaintiff questioned Gardner about the legal mail procedure, Gardner became irate and argumentative, took back the legal documents, closed the window, and it sounded as though he was reprimanding the mailroom for malfeasance/negligence for improperly forwarding the legal mail to his room. Gardner then reopened the window and informed Plaintiff that he would be maintaining and returning the legal documents to the mailroom for proper distribution later that evening. A "Civil Complaint/Lawsuit that on the occurrence date was still within the time constraints for service upon his (i.e. C.O. W. Gardner's) colleague C.O. J. Vanaman ironically for the above stated mail violation, stated in the 1st claim of this passage." Plaintiff did not receive the legal mail/documents until the time constraints for timely/lawful service had elapsed (i.e. which resulted in the filing of a motion to quash service of summons on April 30, 2018.

On or about April 17, 2018, after Plaintiff did not receive his legal documentation, he filed an inmate appeal against Defendant Gardner, and Gardner was found guilty of violation of the mail policy.

On August 12, 2018, Plaintiff deposited a green CDCR 602 appeal form in building D3's appeal mailbox against officer Pano for misconduct in violation of the Armstrong Remedial Plan provisions because he was deprived of medical shower. On September 20, 2018, a response in appeal log no. SATF-D-18-04704 was issued; however, Plaintiff the actual green appeal was not attached to the response, but a blank CDCR 1824 reasonable accommodation request was attached. The mail violations resulted in stonewalling/impeding the Plaintiff's right to redress a grievance. The green CDCR 602 form was never located and no one was held accountable.

///

On December 31, 2018, Plaintiff ordered a first quarter package/parcel through his prepaid account which was received by the prison on January 14, 2019. However, Gardner did not distribute the package/parcel until February 18, 2019, in excess of the 15-day time constraints authorized per the rules. When Plaintiff filed a CDCR 22 form regarding the package, and on February 25, 2019, he received a response which indicated that the package was received in early February 2019 and delivered to Plaintiff's housing until on February 6, 2019.

On March 10, 2019, Plaintiff properly mailed health care appeal form no. HC 18002239 via the institutional legal mail system. However, on March 22, 2019, the appeal was returned to Plaintiff contrary to protocol via regular mail from building D3 housing correctional officer who was not designed for distribution of confidential/legal mail. Plaintiff immediately prepared a CDCR 22 form informing the supervising sergeant of the impropriety/occurrence. To date, Plaintiff has not received a response, and no one has been held accountable.

In July or August 2019, Defendant W. Gardner summoned Plaintiff for a parcel distribution from a CDCR approved vendor (i.e., Access Securepak). During the distribution, Gardner informed Plaintiff that he was not authorized to receive the enclosed extension cord minus exchanging the one reflected on the Plaintiff's property card warranting a one for one exchange. Plaintiff informed Gardner that he would like to return the extension cord to Access Securepak to facilitate a refund of Plaintiff's money to his prepaid account. Plaintiff signed the necessary forms and addressed the form to Access Securepak as the designee. Plaintiff subsequently received a CDCR Form 128-B from Receiving and Release officer Gonzales instructing Plaintiff to complete a CDCR 193 trust withdrawal in order to finance the cost of the postage at Plaintiff's expense. Given that Plaintiff is indigent, he forwarded 10 prepaid indigent envelopes in compliance with the applicable California Code of Regulations. However, prison officials insisted that the cost of postage must derive from the Plaintiff's inmate trust account, even though Plaintiff had no money in the account. Plaintiff filed an inmate appeal which was denied at both the first and second levels of review and is currently pending at the third level of review. Prison officials negligently and arbitrarily disposed of Plaintiff's property prematurely. In addition, Plaintiff 10 prepaid indigent envelopes were never returned.

///

# III.

# DISCUSSION

## A. First Amendment Right to Send and Receive Mail

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, correctional institutions and jails have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989). For example, inmates and detainees may have their mail screened to ensure that there is no contraband inside. Mangiaracina v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017).

When incoming mail is legal mail, there are heightened concerns with allowing prison officials unfettered discretion in opening and reading an inmate's mail. Prisoners have a Sixth Amendment right to confer privately with counsel and the practice of opening legal mail in the prisoner's presence is specifically designed to protect that right. Id. at 1196–97 (Sixth Amendment requires a pretrial detainee be present when legal mail related to a criminal matter is inspected; even a single incident of improper reading of a pretrial detainee's mail may give rise to a constitutional violation); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1210 (9th Cir. 2017) (prisoners have a First Amendment right to have their properly marked legal mail, including civil mail, opened in their presence). "A criminal defendant's ability to communicate candidly and confidentially with his lawyer is essential to his defense." Id. at 1198 (quoting Nordstrom v. Ryan, 762 F.3d 903, 910 (9th Cir. 2014)). Prison officials may open and inspect, but not read, a prisoner's legal mail. Nordstrom v. Ryan, 762 F.3d 903 (9th Cir. 2014).

"Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

///
///
///

Interference with outgoing prisoner mail is justified under the First Amendment if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitations of the First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. at 412 (limited by Thornburgh v. Abbott, 490 U.S. at 413-14, only as test relates to incoming mail).

1. Defendant J. Vanaman Incident in October 2016

Plaintiff contends that on October 10 or October 11, 2016, officer J. Vanaman disregarded his regular mail in the trash which was later discovered by another inmate.

Plaintiff fails to state a cognizable claim for relief against Defendant J. Vanaman. Plaintiff has not alleged that this incident was anything more than an isolated unintentional mail interference, which is insufficient to give rise to a constitutional violation. Davis v. Good, 320 F.3d 346, 351 (2d Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); Witherow v. Paff, 52 F.3d 264, 266 (First Amendment not violated where prisoner's mail regulation related to a legitimate penological interest); Watkins v. Curry, No. C 10-2539 SI (pr), 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) ("Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983). Further, the mail was returned to Plaintiff and it unclear what, if any, harm occurred as a result. Accordingly, Plaintiff fails to state a cognizable claim for relief against Defendant J. Vanaman.

2. Defendant Gardner

Plaintiff contends that on or about April 9, 2018, John/Jane Doe inadvertently forwarded his legal mail, and Defendant Gardner improperly distributed legal mail to Plaintiff because he was not authorized to distribute such mail.

As with Plaintiff's claim against J. Vanaman, Plaintiff has not alleged that this incident was anything more than an isolated unintentional mail interference, which is insufficient to give rise to a constitutional violation. Davis v. Good, 320 F.3d 346, 351 (2d Cir. 2003); Gardner v. Howard, 109

F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); Witherow v. Paff, 52 F.3d 264, 266 (First Amendment not violated where prisoner's mail regulation related to a legitimate penological interest); Watkins v. Curry, No. C 10-2539 SI (pr), 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) ("Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983). In addition, Plaintiff does not clearly set forth who the mail was from and how it was labeled as "legal" mail for the Court to determine whether the mail is protected by the First Amendment. In fact, it appears that Plaintiff's mail was from a "sheriff's" department which is a county agency and such mail does not constitute legal mail. O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996) (a prison need not treat all mail sent to/from government agencies and officials as legal mail); see also Keenan v. Hall, 83 F.3d at 1094 (concluding that mail from the courts, as contrasted to mail from a prisoner's lawyer, it not legal mail), amended on denial of rehr'g 135 F.3d 1318 (9th Cir. 1998). However, even assuming the mail constituted "legal" mail, there are no allegations that Defendant Gardner improperly opened the mail outside of his presence. Indeed, in his original complaint, Plaintiff submitted that when he was called to the window by officer Gardner to pick up the package, Gardner "ripped an envelope open and handed Plaintiff its contents," which implies that the document was not opened outside of Plaintiff's presence. (Compl. at 8, ECF No. 1.)[1] Furthermore, when Gardner realized the mail was "legal" mail he promptly sought to rectify the issue and comply with the proper procedure. While Plaintiff contends that Gardner was found to be in violation of prison mail policy, Plaintiff is advised that a violation of prison rules, without more, does not support a § 1983 claim. See Davis v. Scherer, 468 U.S. 183, 192 (1984) (section 1983 provides no redress for prison officials' violation of state prison regulations); Cousins v. Lockyer, 568 F.3d 1063, 1170-71 (9th Cir. 2009); Blaisdell v. Dep't of Pub. Safety, Case

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

No. 14-cv-00433 JMS/RLP, 2014 WL 5581032, at *6 (D. Haw. Oct. 31, 2014) ("A prison may set a higher standard than that required by the First Amendment, but doing so does not elevate a violation of a prison policy into a constitutional claim.") (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Thus, even if the item constitutes "legal mail" under CDCR regulations, that does not mean the mail also constitutes as "legal" mail entitled to federal constitutional protections. Mann v. Adams, 855 F.2d at 640. Accordingly, Plaintiff fails to state a cognizable claim against Defendant Gardner.

3. Subscription to Newspaper

To the extent Plaintiff contends that his First Amendment right to receive his subscription for Bayview newspaper was violated, Plaintiff fails to state a cognizable claim. Plaintiff fails to allege how any Defendant was involved, if at all, in depriving him of his magazine subscription. Accordingly, Plaintiff fails to state a cognizable claim for relief.

In sum, Plaintiff's vague allegations relating to unrelated and isolated incidents based on completely different factual circumstances over a span of three years do not give rise to a claim for violation of the First Amendment.

4. Delay in Receipt of Packages

Prison officials have a responsibility to forward mail to inmates promptly. See Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975). Allegations that mail delivery was delayed for an inordinate amount of time are sufficient to state a claim for violation of the First Amendment. See Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996). However, as stated above, a temporary delay or isolated incident of delay without evidence of improper motive does not violate a prisoner's First Amendment rights. See Crofton v. Roe, 170 F.3d at 961; see also Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987) (allegations of isolated delay or some other relatively short-term, non-content-based disruption in delivery of inmate mail are not enough to state a First Amendment claim).

Plaintiff contends that there was a delay in the delivery of two of his quarterly packages by Defendant Gardner in early 2019. However, Plaintiff has alleged nothing more than the fact that there was a minimal delay in the delivery of two of his packages. There are not allegations of bad faith or intentional interference on the part of Defendant Gardner. Rather, the delay appears to be nothing more than a temporary delay or isolated incident of delay in the delivery of two of Plaintiff's quarterly

packages. Further, Plaintiff has failed to set forth allegations that Defendant Gardner was responsible for any delay in the delivery of the packages. Moreover, as stated above, the mere fact that the packages were delivered in excess of the 15-day time constraints imposed by prison or state regulations is insufficient to give rise to a constitutional violation. See Davis v. Scherer, 468 U.S. at 192 (section 1983 provides no redress for prison officials' violation of state prison regulations); Cousins v. Lockyer, 568 F.3d at 1170-71); Blaisdell v. Dep't of Pub. Safety, Case No. 14-cv-00433 JMS/RLP, 2014 WL 5581032, at *6 (D. Haw. Oct. 31, 2014) ("A prison may set a higher standard than that required by the First Amendment, but doing so does not elevate a violation of a prison policy into a constitutional claim.") (citing Mann v. Adams, 855 F.2d at 640).

        5.     <u>Return of Package from Vendor</u>

Plaintiff contends that officer Gonzales required Plaintiff to finance the cost of package return from his inmate trust account.

As an initial matter, Plaintiff admittedly has not exhausted this claim which is therefore subject to dismissal without prejudice. At the time of filing the third amended complaint raising this new claim, Plaintiff has only received a second level response to the alleged grievance. A decision at the third level of review is required to exhaust CDCR's administrative remedies. Cal. Code Regs. Tit. 15, § 3084.1(b); see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (if the failure to exhaust is clear from the face of the complaint, it may be dismissed at screening for failure to state a claim). Furthermore, Plaintiff does not have a constitutional right to unlimited free postage to return non-legal mail or property. Moreover, based on Plaintiff's allegations, Defendants did not prevent him from sending his mail, but rather required that he complete and submit a CDCR 193 trust withdrawal from his prison account. However, in lieu of following the instructions Plaintiff submitted 10 prepaid indigent envelopes. Accordingly, Plaintiff fails to state a cognizable claim for relief.

        **C.**     **Inmate Appeal Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim

for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### D. Access to the Courts/Interference Grievance Process

To the extent Plaintiff contends that the alleged violations of his First Amendment rights lead to a denial of access to the courts, Plaintiff is advised that inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Prisoners retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment. However, such a claim would be based on the theory that interference with the grievance process resulted in a denial of the inmate's right of access to the courts, which includes petitioning the government through the prison grievance process. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.2d at 1279 (discussing the right in the context of prison grievance procedures).

The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. Furthermore, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. Id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. Id. at 354-55.

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. Harbury, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." Id. at 417. Finally, Plaintiff must specifically

allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

Plaintiff has not demonstrated how Defendants' interference with the grievance process resulted in an actual injury. The simple fact that Plaintiff's health care grievance was returned by a non-designed individual is insufficient to state a cognizable constitutional violation. Further, it is unclear whether Plaintiff contends that his outgoing mail was censored or that the health care grievance was opened and read outside of his presence. Moreover, as stated above, an isolated incident regarding his mail does not give rise to a claim for relief. In addition, the fact that Plaintiff's original appeal filed in August 2018 was not returned to him after a response was provided is insufficient to demonstrate a violation of the First Amendment.

In addition, Plaintiff has not sufficiently alleged a denial of access to the courts claim based on the claim that Defendant Gardner did not timely return his civil complaint form because Plaintiff has not demonstrated actual injury. Although Plaintiff indicates a motion to quash was filed, Plaintiff does not demonstrate that a non-frivolous action was impeded as a result or that he suffered actually injury as a result. Accordingly, Plaintiff fails to state a cognizable denial of access to the courts claim or violation of the First Amendment based on interference with the grievance process.

### E. Due Process Right to Receive Property

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted). The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. at 533; Barnett v.

Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Here, Plaintiff alleges an unauthorized taking of newspapers which is not actionable under the Due Process Clause because California provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895). Furthermore, there is no due process right to purchase property from outside vendors or at all. See Torres v. Cate, No. C 12-6236 LHK (PR), 2013 WL 1097997, at *2 (N.D. Cal. 2013). Moreover, a violation of prison regulation which places a time limit on the delivery of property purchased from a vendor does not give rise to a constitutional violation. See Davis v. Scherer, 468 U.S. at 192 (section 1983 provides no redress for prison officials' violation of state prison regulations); see also Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law).

## IV.

## RECOMMENDATION

Plaintiff's third amended complaint fails to state a cognizable claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's third amended complaint is largely identical to the original, first and second amended complaints. Based upon the allegations in Plaintiff's original and first amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d at 1130 ("A district court may deny leave to amend when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

///
///
///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 10, 2020**

UNITED STATES MAGISTRATE JUDGE