1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  CALVIN HOLT,                          No.  1:19-cv-00772-DAD-SAB (PC)

12              Plaintiff,

13         v.                             ORDER GRANTING PLAINTIFF'S
                                          MOTION TO VACATE OR SET ASIDE
                                          JUDGMENT, AND REMANDING STATE
14  W. GARDNER,                           LAW CLAIMS TO THE KINGS COUNTY
                                          SUPERIOR COURT
15              Defendant.
                                          (Doc. No. 45)
16

17                              **INTRODUCTION**

18         Plaintiff Calvin Holt, a state prisoner proceeding *pro se*, initiated this civil rights action by

19  filing a complaint on March 7, 2019 against defendant W. Gardner and unnamed defendants in the

20  Kings County Superior Court.  (Doc. No. 1 at 5.)  Therein, based upon his allegation that defendants

21  mishandled his mail containing legal documents, he asserted causes of action under the U.S.

22  Constitution; 15 C.C.R. §§ 3132(a), 3391(a), and 3395; and "state and federal laws."  (*Id.* at 8–10, 13–

23  14, 37.)  Defendants removed the case to this federal court on May 31, 2019 under 28 U.S.C. § 1331.

24  (*Id.* at 2.)

25         Plaintiff filed a third amended complaint against defendants W. Gardner, J. Vanaman, C.O.

26  Pano, and C. Gonzales, on December 27, 2019, alleging causes of action under 42 U.S.C. § 1983;

27  15 C.C.R. §§ 3084, *et seq.*; and what appear to be state law claims for negligence.  (*See, e.g.*, Doc. No.

28  37 at 10.)  On February 26, 2020, the court dismissed plaintiff's § 1983 claims for failure to state a

                                         1

cognizable claim and dismissed the state law claims without prejudice to plaintiff pursuing his state law claims in state court.  (Doc. No. 43.)  The court entered judgment and closed the case (Doc. No. 44) without remanding plaintiff's state law claims.  (*See* Doc. No. 43.)  Currently before the court for decision is plaintiff's motion to remand his state law claims to the Kings County Superior Court. (Doc. No. 45, filed May 11, 2020.)  No defendant has opposed plaintiff's motion.

## DISCUSSION

Plaintiff contends that he attempted to re-open the original case in the Kings County Superior Court, but his request was denied, as the state court stated it "[did] not have jurisdiction."  (*Id.* at 1.) Plaintiff submits that the Superior Court suggested that plaintiff "may want to seek acquiring an 'ORDER OF REMAND' from this Honorable Court . . .  [to] resolve . . . [his] dilemma."  (*Id.* at 2.) For the reasons explained below, the court will amend the judgment for the limited purpose of remanding plaintiff's state law claims to the Kings County Superior Court.

### A.    Motion to Vacate or Set Aside Judgment

Given that plaintiff's state law claims were dismissed without prejudice, and judgment was entered in this case, the court will liberally construe plaintiff's motion as a motion to vacate or set aside judgment, for the limited purpose of amending the judgment to remand plaintiff's state law claims to the Kings County Superior Court, under Federal Rule of Civil Procedure 60.[1] (Doc. No. 43.) Rule 60(b) allows a party to challenge a final judgment or order.  Rule 60(b) provides, in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . .  mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).

The Ninth Circuit has held that a "district court can correct its own mistake months after judgment, under Rule 60(b)," as the "words 'mistake' and 'inadvertence'" under Rule 60(b)(1) "may

---

[1]  Plaintiff's motion cannot be construed as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), because it was not filed within twenty-eight days of entry of judgment.  *See Price v. Los Angeles Cty.*, 591 F. App'x 639, 640 (9th Cir. 2015) ("The 28-day filing period is mandatory and jurisdictional."); *Harvest v. Castro*, 531 F.3d 737, 745 n.6 (9th Cir. 2008) ("The deadlines under Rule . . . 59, however, are strict."); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2812 (3d ed. Supp. 2017) ("The time [limit to file a motion under Rule 59] cannot be enlarged by the court.").

include mistake and inadvertence by the judge." *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) (holding district court may correct its judgment amount under Rule 60(b)(1), in light of the court's "mistake or inadvertence") (citing *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 356–57 (9th Cir. 1966)). *See also Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (holding district court acted within its discretion when it corrected a post-judgment interest rate, as the court had "discretion to correct a judgment for mistake or inadvertence . . . [by] the court" under Rule 60(b)).

In *Fressadi v. Glover*, the district court "[i]nadvertently . . . based its decision on the wrong complaint" and, as a result, "improperly terminated" three of plaintiff's state law claims. No. cv-16-03260-PHX-DJH, 2020 WL 805237, at *4–5 (D. Ariz. Feb. 18, 2020). After plaintiff sought relief under Rule 60(b)(1), the court noted that plaintiff's "state law claims had not been resolved when the Court entered judgment." (*Id.* at *4.) Applying Rule 60(b)(1), the court granted "[p]laintiff's Motion to Vacate Judgment . . . for the limited purpose of amending the judgment as to the three state-law claims." (*Id.*) The court remanded plaintiff's three state law claims to state court, as plaintiff's related federal claims had been dismissed and "[r]etaining jurisdiction over Plaintiff's remaining three state law claims . . . [would] not promote judicial economy or convenience." (*Id.* at *5.)

As illustrated in *Fressadi* and the Ninth Circuit decisions cited above, Rule 60(b)(1) permits the court to correct its own mistake or inadvertence. 2020 WL 805237, at *4; *Kingvision*, 168 F.3d at 350–52; *Fidelity*, 387 F.3d at 1024. While Rule 60 is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources,'" the court deems its use proper under the particular facts of the present case. *Huth v. Wells Fargo*, No. cv 14-7658 PA (SSx), 2015 U.S. Dist. LEXIS 4505, at *3 (C.D. Cal. Jan. 13, 2015) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Therefore, while the undersigned originally dismissed plaintiff's state law claims without prejudice, it now grants plaintiff's motion to vacate or set aside judgment under Rule 60(b)(1), for the limited purpose of considering remand of plaintiff's state law claims to the Kings County Superior Court. *See Fressadi*, 2020 WL 805237, at *4, 10.

/////

/////

**B.      Supplemental Jurisdiction**

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).

When declining to exercise supplemental jurisdiction in a removed case, the district court has discretion to either dismiss the claims or remand them to state court, considering which will "promote the values of economy, convenience, fairness, and comity."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351–54 (1988).  *See also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values 'of economy, convenience, fairness, and comity.'"), *supplemented*, 121 F.3d 714 (9th Cir. 1997).  When considering remand, the court may also consider whether a party engaged in manipulative tactics to secure its desired forum.  *Carnegie-Mellon*, 484 U.S. at 357.

Although this case was pending in this court for almost nine months prior to the dismissal of plaintiff's federal claims (Doc. No. 43), the Supreme Court in *Carnegie-Mellon* found remand appropriate where a plaintiff moved for remand six months after the case had been removed to federal court.  *Carnegie-Mellon*, 484 U.S. at 346, 357.  Thus, the fact that the parties have proceeded with this case in federal court for nearly nine months does not necessarily preclude remand.

Moreover, considerations of judicial economy and convenience also favor remand.  The court has not issued any substantive or dispositive rulings on plaintiff's state law claims.  *Cf. Pantazis v. Fior D'Italia, Inc.*, No. C 94-1094-FMS, 1994 WL 519469, at *3 (N.D. Cal. Sept. 20, 1994) (finding considerations of judicial economy and convenience weighed against remand where a motion to dismiss the action in its entirety was fully briefed and ready for a decision).  In addition, comity with the state courts also favors remand in the instant case, given that all federal law claims have been

/////

4

dismissed and only state law claims remain. *See Carnegie–Mellon*, 484 U.S. at 350 (finding that remand is favored where "only state law claims remain").

The court finds that considerations of judicial economy, convenience, fairness, and comity favor remand. *Carnegie-Mellon*, 484 U.S. at 357 ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

Accordingly, remand is appropriate, and plaintiff's motion to vacate or set aside judgment will be granted for the limited purpose of remanding plaintiff's state law claims to the Kings County Superior Court.

## CONCLUSION

For the reasons set forth above:

1.   Plaintiff's motion to vacate or set aside the court's February 26, 2020 order (Doc. No. 43) and subsequent judgment (Doc. No. 44) is GRANTED on the limited ground requested, namely that the order to dismiss without prejudice plaintiff's state law claims is VACATED and those state law claims are instead REMANDED to the Kings County Superior Court;

2.   The Clerk of Court shall subsequently enter an amended judgment consistent with this order, as all remaining issues and claims have been resolved; and

3.   The Clerk of Court shall take all necessary action to remand plaintiff's state law claims to the Kings County Superior Court with reference to that court's case: *Calvin Holt v. W. Gardner*, No. 19C-0100.

IT IS SO ORDERED.

Dated:   **July 16, 2020**

UNITED STATES DISTRICT JUDGE